## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

CASE NO:

THE WILLIAMS L.G., P.L.L.C, a Florida
Limited Liability Company, and
ANDREW WILLIAMS, an individual,

      Plaintiff(s),

v.

AMERICAN ARBITRATION ASSOCIATION, INC., a
not-for-profit organization; JANET S. WEINSTEIN,
P.C., an Arizona professional corporation; JANET S.
WEINSTEIN, individually and as an officer of Janet
S. Weinstein, P.C., and PRAVATI CREDIT FUND,
III, L.P., a Delaware limited partnership.

      Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, THE WILLIAMS L.G., P.L.L.C. ("WLG") and ANDREW WILLIAMS ("WILLIAMS") (collectively, WLG and WILLIAMS shall be referred to as "the PLAINTIFFS"), do hereby file this Complaint and Demand for Jury Trial against Defendants, AMERICAN ARBITRATION ASSOCIATION, INC., a not-for-profit organization (the "AAA"), JANET S. WEINSTEIN, P.C., an Arizona professional corporation (the "WEINSTEIN FIRM"), JANET S. WEINSTEIN, individually and as an officer of the WEINSTEIN FIRM ("WEINSTEIN"), and PRAVATI CREDIT FUND III, L.P., a Delaware limited partnership ("PRAVATI") (collectively, all of the Defendants shall be referred to as the "DEFENDANTS"), and state the following:

## OVERVIEW AND INTRODUCTION

1.  This is a suit based upon the DEFENDANTS' violations of the PLAINTIFFS'

civil rights under Federal and Arizona State law, violations of usury laws under Arizona State law, and Abuse of Process.   As a direct result of the acts and/or omissions of the DEFENDANTS, the PLAINTIFFS have been harmed and damaged.   The PLAINTIFFS are therefore seeking damages in an amount to be proven at trial in excess of Seventy-Five Thousand ($75,000.00), including an award of costs, attorney's fees, and punitive damages.

## THE PARTIES, JURISDICTION, AND VENUE

2.   WLG is a professional limited liability company organized under the laws of the State of Florida, and its principal place of business is in Miami, Florida. WLG's sole corporate officer is WILLIAMS, who is a citizen of the State of Florida and thus WLG is a citizen of the State of Florida. WLG operates as a law firm and provides legal services.

3.   WILLIAMS is an individual and was at all times material hereto a citizen of the State of Florida.   WILLIAMS was/is the sole corporate officer of WLG. WILLIAMS is an attorney at WLG and he provides legal services.

4.   The AAA is a not-for-profit organization organized under the laws of the State of Delaware, and who has a principal place of business at 120 Broadway, Floor 21, New York, New York 10271.   At all relevant times herein, the AAA conducted business in the State of Arizona. The AAA is a citizen of the State of Delaware and the State of New York.   The AAA employs the WEINSTEIN FIRM and/or WEINSTEIN.

5.   The WEINSTEIN FIRM is professional corporation organized under the laws of the State of Arizona, and who has a principal place of business at 333 West Roosevelt Street, Phoenix, Arizona 85003.   At all relevant times herein, the WEINSTEIN FIRM conducted business in the State of Arizona. The WEINSTEIN FIRM is a citizen of the State of Arizona.

6.   WEINSTEIN is an individual and was at all times material hereto a resident and

2

citizen of the State of Arizona. WEINSTEIN is the sole member of the WEINSTEIN FIRM.

7.   PRAVATI is a limited partnership organized under the laws of the State of Delaware, and who has a principal place of business at 7154 E. Stetson Drive, Suite 210, Scottsdale, Arizona 85251.   At all relevant times herein, PRAVATI conducted business in the State of Arizona. PRAVATI is a citizen of the State of Arizona.

8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

9.   This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based upon federal question jurisdiction because the complaint involves violations of 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

10. Venue is proper in this District Court pursuant to § 1391, in that a substantial part of the events and/or omissions giving rise to these claims occurred in this District and the DEFENDANTS either reside or have substantial contacts in this District.

## GENERAL ALLEGATIONS

11. On or around October 31, 2018, the PLAINTIFFS entered into a written agreement (the "Agreement") with PRAVATI in which PRAVATI agreed to provide the PLAINTIFFS with a sum of money to assist WLG with its business growth and development as a law firm in exchange for PRAVATI receiving a fifty percent (50%) interest in the proceeds that WLG acquired through a specific, but not exhaustive portfolio of cases undertaken by WLG.

12. The relationship between WLG and PRAVATI started off well, so much so that PRAVATI endeavored to provide WLG with additional funding before PRAVATI had even fully recouped on the initial sum it provided to WLG.

3

13. WLG and PRAVATI were actively engaged in discussions regarding the additional funding from early December 2019 through early February 2020.

14. On or around February 10, 2020, despite having been engaged in active discussions to provide WLG with additional funding and without indicating that such discussions were over/closed, PRAVATI filed a demand for arbitration, based upon nine (9) purported causes of action, including, but not limited to, breach of contract, breach of implied warranty of good-faith and fair dealing, conversion or in the alternative unjust enrichment.

15. PRAVATI'S demand for arbitration commenced arbitration proceedings against the PLAINTIFFS before the AAA (the "Arbitration").

16. The PLAINTIFFS were extremely perplexed by the demand for arbitration as they had complied (or at least substantially complied) with all material terms of the Agreement and they were in active discussions with PRAVATI regarding PRAVATI providing the PLAINTIFFS with *additional* monies, for over two (2) months immediately prior to the filing of the demand for arbitration.  PRAVATI did not file the demand for arbitration in good-faith, but rather it was filed based on PRAVATI'S ulterior motives.

17. PRAVATI would not have engaged in such ongoing discussions with the PLAINTIFFS concerning PRAVATI providing the PLAINTIFFS with additional monies if PRAVATI truly believed that the PLAINTIFFS had materially breached the Agreement.  In fact, pursuant to the terms of the Agreement, the PLAINTIFFS mailed various payments to PRAVATI during the pendency of the Agreement totaling an amount in excess of 1/3 of the principal due to PRAVATI.

18. The PLAINTIFFS payments to PRAVATI came from the in the proceeds WLG

THE WILLIAMS LAW GROUP ▪ 6273 Sunset Drive, Suite D-3 ▪ Miami, Florida 33143
Telephone: (253) 970-1683 ▪ Email:  Andrew@TheWilliamsLG.com

received from a specific, but not exhaustive portfolio of cases.  The PLAINTIFFS payments to PRAVATI were and should have been a clear indicator to PRAVATI that there was no conversion, breach of contract, or unjust enrichment by or to the PLAINTIFFS.

19. Believing that there must have been some misunderstanding, the PLAINTIFFS attempted to contact PRAVATI, but they were informed that despite the active negotiations and their substantial compliance with the Agreement, PRAVATI, nonetheless contended that the PLAINTIFFS had breached the Agreement, although PRAVATI'S specific grounds for asserting such were untenable.

20. In filing the demand for arbitration, it was and is clear that PRAVATI intended to misuse the arbitration "process" and use it solely to harass and vex the PLAINTIFFS, to accomplish its hidden agenda, of justifying the enactment of its usurious interest penalty provision, and/or attempt to acquire additional financial gain for its benefit and at the PLAINTIFF'S expense though settlement or otherwise.

21. After initiating the Arbitration, the AAA assigned WEINSTEIN, individually and/or the WEINSTEIN FIRM, and WEINSTEIN as an officer of the WEINSTEIN FIRM to conduct the Arbitration.

22. WEINSTEIN and/or the WEINSTEIN FIRM are agents, employees, servants and/or contractors of the AAA.

23. WEINSTEIN and/or the WEINSTEIN FIRM are required to adhere to the rules, guidelines, bylaws, etc. of the AAA, and they are under the control and direction of the AAA.

24. As agents, employees, servants and/or contractors of the AAA, WEINSTEIN and/or the WEINSTEIN FIRM are *required* to conduct themselves in a fair, impartial and neutral manner.

5

25. In acting in such fair, impartial and neutral manner, WEINSTEIN and the WEINSTEIN FIRM are expected to uphold the constitution and the laws of the United States and Arizona, including their respective due process provisions.

26. Throughout the Arbitration, WEINSTEIN and/or the WEINSTEIN FIRM, as agents, employees, servants and/or contractors of the AAA, have repeatedly violated the PLAINTIFFS' substantive due process rights under the United States Constitution.

27. WEINSTEIN and/or the WEINSTEIN FIRM'S violations of the PLAINTIFFS due process rights, include, but are not limited to, determining that the AAA had personal jurisdiction over the PLAINTIFFS and that the PLAINTIFFS were subject to participate in discovery despite the fact that a Motion for Reconsideration was pending before WEINSTEIN and/or the WEINSTEIN FIRM on the jurisdictional question; deliberately failing to respond to the PLAINTIFFS or make timely rulings to the PLAINTIFFS' motions and/or requests for leave to file motions; prohibiting the PLAINTIFFS from using subpoenas to call witnesses in order to support their defenses; and inexplicably barring the PLAINTIFFS from giving an opening statement, from calling any witnesses or from producing any exhibits, notwithstanding the fact that the PLAINTIFFS are the parties in defense and in need of the ability to present "defenses" at the Arbitration.

28. WEINSTEIN and/or the WEINSTEIN FIRM'S acts did not stop there though. WEINSTEIN even refused to permit the PLAINTIFFS modest request for a brief extension of time (24 to 48 hours), so that WILLIAMS could go vote in the 2020 election.  As a black man, and given the climate of the 2020 election, WILLIAMS perceived WEINSTEIN'S efforts to be an attempt to not only harm the PLAINTIFFS at the Arbitration, but to completely disenfranchise WILLIAMS' right to vote as an American citizen!

6

29. WEINSTEIN'S actions, decisions, and behavior have been beyond prejudicial, they have been arbitrary, capricious, and they have violated the PLAINTIFFS' constitutional rights.

30. WEINSTEIN and/or the WEINSTEIN FIRM are agents, employees, servants and/or contractors of the AAA, and therefore the AAA is vicariously liable for the acts and/or omissions of WEINSTEIN and/or the WEINSTEIN FIRM.

**COUNT I**
**VIOLATIONS OF PROCEDURAL DUE PROCESS (28 U.S.C. § 1343)**
(by PLAINTIFFS against the AAA, the WEINSTEIN FIRM and WEINSTEIN)

31. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 30, above, inclusive.

32. The PLAINTIFFS have a constitutional right for the opportunity to defend themselves against PRAVATI'S claims at the Arbitration.

33. In order to defend themselves against PRAVATI'S claims at the Arbitration, the PLAINTIFFS needed to be permitted to use evidence, witnesses and/or the ability to subpoena witnesses to support their defenses.

34. PRAVATI has leveled baseless allegations against the PLAINTIFFS.  The AAA, WEINSTEIN and/or the WEINSTEIN FIRM'S roles in the Arbitration are to serve as impartial neutrals who are entrusted to review the facts and the evidence and make an informed decision after *all* such relevant evidence and facts have been presented and reviewed.

35. The AAA, WEINSTEIN and/or the WEINSTEIN FIRM act as the "court" during the Arbitration and they have violated the PLAINTIFFS' procedural due process rights by depriving the PLAINTIFFS of an opportunity/right to present evidence, and/or witnesses or to effectively defend themselves at the Arbitration.

7

36. The Arbitration is governed by the Federal Arbitration Act ("FAA"), which is an act of Congress, along with the right to vote.  By prohibiting the PLAINTIFFS from presenting evidence and/or witnesses at the Arbitration, the AAA, WEINSTEIN, and/or the WEINSTEIN FIRM have deprived the PLAINTIFFS of the ability to defend themselves and to receive a fair adjudication of their dispute with PRAVATI.  Without the presentation of evidence by the PLAINTIFFS, WEINSTEIN would never be aware of the ongoing discussions for additional funding that the PLAINTIFFS were involved in with PRAVATI in the same month that the demand for arbitration was filed.

37. As a direct and proximate result of the AAA, WEINSTEIN, and/or the WEINSTEIN FIRM'S violations of the PLAINTIFF'S procedural due process rights, the PLAINTIFFS have suffered harm and they have incurred damages which shall be proven at trial.

## COUNT II
## VIOLATIONS OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)
(by PLAINTIFFS against the AAA, the WEINSTEIN FIRM and WEINSTEIN)

38. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 30, and paragraphs 31 through 37, above, inclusive.

39. The PLAINTIFFS have a constitutionally protected right to vote and liberty to confront their accusers and to defend themselves against attacks in proceedings, which seek to deprive them of their property while in the Arbitration.

40. The PLAINTIFFS never forfeited any of their constitutionally guaranteed rights.  By refusing to permit a brief (24 to 48 hour) extension of time to permit WILLIAMS with the ability to vote, WEINSTEIN showed not only her clear disdain for WILLIAMS, but further, her willingness to violate WILLIAMS' constitutional rights.

8

41. The AAA, through its agents and/or servants WEINSTEIN and/or the WEINSTEIN FIRM, has engaged in multiple substantive due process violations towards the PLAINTIFFS through the exercise of arbitrary, unreasonable and capricious orders and decisions, which have, among other things, deprived the PLAINTIFFS of an opportunity/right to defend themselves at the Arbitration by disallowing the presentation of evidence and/or witness testimony.

42. As a direct and proximate result of the AAA, WEINSTEIN, and/or the WEINSTEIN FIRM'S violations of PLAINTIFF'S substantive due process rights, the PLAINTIFFS have suffered harm and they have incurred damages which shall be proven at trial.

### COUNT III
### VIOLATIONS OF ARIZONA'S CONSTITUTION
(by PLAINTIFFS against the AAA, the WEINSTEIN FIRM and WEINSTEIN)

43. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 30, paragraphs 31 through 37, and paragraphs 38 through 42, above, inclusive.

44. The PLAINTIFFS have a constitutionally protected right to "fairness" in legal proceedings, especially legal proceedings that stem from acts of Congress, such as those governed by the FAA.

45. Such "fairness" means, among other things, that the PLAINTIFFS are entitled to hear the "charges" against them and they are entitled to an opportunity to defend themselves against those "charges".

46. The PLAINTIFFS' due process rights are protected and guaranteed under the constitution of the State of Arizona.

47. By allowing PRAVATI full access and opportunity to present its claims and

9

witnesses at the Arbitration, but depriving and preventing the PLAINTIFFS of the opportunity to present *any* evidence or witnesses, and by failing to give the PLAINTIFFS' sworn declarations their proper "weight", the AAA, WEINSTEIN and/or the WEINSTEIN FIRM have violated and will continue to violate the PLAINTIFFS' rights without the intervention of this Court.

48. As a direct and proximate result of the AAA, WEINSTEIN, and/or the WEINSTEIN FIRM'S violations of the constitution of the State of Arizona, the PLAINTIFFS have suffered harm and they have incurred damages which shall be proven at trial.

**COUNT IV**
**ABUSE OF PROCESS**
(by PLAINTIFFS against PRAVATI)

49. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 30, above.

50. PRAVATI willfully and intentionally demanded the commencement of the Arbitration, a judicially-sanctioned process, in a bad-faith attempt to get the PLAINTIFFS to renegotiate the terms of the Agreement via an unfavorable settlement.

51. PRAVATI also commenced with the Arbitration in order to enact a usurious interest penalty provision which would enable PRAVATI to raise its interest rate with the PLAINTIFF's from 18.0% to 21.6%.

52. PRAVATI'S intent in demanding the Arbitration was solely to harass and vex the PLAINTIFFS so that PRAVATI could reap additional financial gain and benefit.

53. The Arbitration was filed based upon an improper motive. PRAVATI knew, or reasonably should have known, that PLAINTIFFS had paid at least one-third of the principal due to PRAVATI and the PLAINTIFFS had provided a consistent pattern of making payments in compliance (or at least substantial compliance) with the terms of the Agreement.

THE WILLIAMS LAW GROUP ▪ 6273 Sunset Drive, Suite D-3 ▪ Miami, Florida 33143
Telephone: (253) 970-1683 ▪ Email:  Andrew@TheWilliamsLG.com

54. PRAVATI did not initiate the Arbitration to pursue legitimate claims, the Arbitration was initiated in order to figure out ways PRAVATI could further enrich itself financially at the PLAINTIFF'S expense.

55. PRAVATI'S wrongful use of process, the Arbitration, has caused the PLAINTIFFS significant and severe injury, damage, loss and harm.  The PLAINTIFFS' injuries, damages and harm consist of physical injury, emotional distress, financial harm and severe reputational damage.

56. As a direct and proximate result of PRAVATI'S abuse of process, the PLAINTIFFS have suffered harm and they will continue to suffer harm, and they have incurred damages which shall be proven at trial in an amount in excess of $300,000.00.

**COUNT V**
**VIOLATIONS OF ARIZONA'S USURY LAWS**
(by PLAINTIFFS against PRAVATI)

57. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 30, and paragraphs 49 through 56, above, inclusive.

58. The Agreement between the PLAINTIFFS and PRAVATI provided for PRAVATI to be entitled to an "interest reserve", which was at an agreed upon interest rate.  The amount of the interest reserve was equal to the amount of money that PRAVATI would receive in interest after two (2) years pursuant to the terms of the Agreement.

59. The interest rate in the Agreement can/could be increased as a "penalty", but only if the PLAINTIFFS materially breached the Agreement.

60. PRAVATI, on information and belief, frequently enters into agreements with lawyers

11

and law firms with the sole intent of later filing bad-faith legal proceedings against them in an effort to require these firms and lawyers to settle on more favorable terms for PRAVATI and/or to benefit itself financially.

61. The PLAINTIFFS and PRAVATI were engaged in negotiations for the two (2) months that immediately proceeded the filing of the demand for arbitration.  In these discussions, PRAVATI was to provide the PLAINTIFFS with an additional sum of money in exchange for a renewed 50% interest in a specific portfolio of WLG's cases; however, PRAVATI'S true intent in filing the demand for arbitration was to enact its "penalty" interest rate, and/or to derive some other pecuniary benefit from the PLAINTIFFS.

62. It was PRAVATI'S intent to charge this "penalty" interest rate from the inception of the Agreement, and thus this amount is usurious and in violation of the usury laws of the State of Arizona.

63. PRAVATI willfully and in bad-faith commenced with the Arbitration in order to harass and vex the PLAINTIFFS.

64. PRAVATI also commenced with the Arbitration in order to enact a usurious interest "penalty" provision which would enable PRAVATI to raise its interest rate with the PLAINTIFF'S from 18.0% to 21.6%.

65. PRAVATI'S objectives through the Arbitration were to reap additional financial benefit and gain for itself.

66. The Arbitration was filed based upon an improper motive.  PRAVATI knew, or should have known, that PLAINTIFF had made payments to it in an amount at least one-third of the principal due to PRAVATI and the PLAINTIFFS had provided a consistent pattern of payments in compliance (or at least substantial compliance) with the terms of the Agreement.

THE WILLIAMS LAW GROUP ▪ 6273 Sunset Drive, Suite D-3 ▪ Miami, Florida 33143
Telephone: (253) 970-1683 ▪ Email: Andrew@TheWilliamsLG.com

67. PRAVATI's decision to initiate the Arbitration was not based upon a desire to pursue legitimate claims, but rather it was fueled by PRAVATI'S greed and desire to further enrich itself financially at the PLAINTIFF'S expense.

68. As a direct and proximate result of PRAVATI'S acts and/or omissions, the PLAINTIFFS have suffered harm and they have incurred damages which shall be proven at trial.

**WHEREFORE,** for the reasons set forth herein, the PLAINTIFF'S requests that this Court award compensatory damages, prejudgment and post judgment interests, costs and attorney's fees in the PLAINTIFFS favor and against the DEFENDANTS, and such further relief that this Court deems to be equitable and just.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, the PLAINTIFFS respectfully pray for the above requested relief and demands a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

The PLAINTIFFS reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the DEFENDANTS, or any other parties as may be warranted under the circumstances and as allowed by law.  The PLAINTIFFS further reserve the right to seek and to have punitive damages assessed against the DEFENDANTS.

Dated: January 27, 2021

s/Andrew Williams
Andrew Williams
6273 Sunset Drive, Suite D-3
Miami, Florida 33143
Telephone: (253) 970-1683
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

THE WILLIAMS LAW GROUP ▪ 6273 Sunset Drive, Suite D-3 ▪ Miami, Florida 33143
Telephone: (253) 970-1683 ▪ Email:  Andrew@TheWilliamsLG.com