# EXHIBIT

# "U"

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

-----------------------------------------------------------------------------------------------------------------

**In the Matter of the Arbitration between**

Pravati Credit Fund III LP, a Delaware limited
Partnership

-vs-                                                                  Case Number: 01-20-0000-4648

The Williams L.G., P.L.L.C. d/b/a The
Williams Law Group PLLC; and Andrew Williams

-----------------------------------------------------------------------------------------------------------------

### FINAL AWARD OF ARBITRATOR

THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties dated October 31, 2018, having been duly sworn, having heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated March 29, 2021, hereby issues the following FINAL AWARD as follows:

1.     On March 29, 2021, the undersigned entered an Interim Award in the above captioned matter, subject only to determination of a further award for costs and attorneys' fees. The Interim Award is incorporated and restated herein by this reference, subject to any supplement and/or amendment to the Interim Award as may be expressly stated herein.

2.     The Interim Award authorized only the following additional submissions by the Parties:

" .   .   . Claimant is hereby granted leave to submit, within ten (10) judicial days of the date of this Interim Award, a petition for attorneys' fees that contains case law citations to legal authority supporting Claimant's entitlement to an award of attorneys' fee in this matter and adequate supporting documentation of the fees charged and paid in connection with this arbitration. Respondents will have ten judicial days after the filing and any petition for attorneys' fee to file a

1

memorandum [in] opposition to the attorney fee petition.  No reply memorandum is to be filed."

The Interim Award was issued on March 29, 2021. Accordingly, the deadline for the submission of a petition for an award of attorney fees was April 12, 2021.  Claimant did not file a petition for an award of attorneys' fees within the specified deadline.   Claimant filed an "Affidavit of Attorneys' Fees" at 11:57 p.m. on April 13, 2021 (the "Affidavit").   Respondents requested leave to file a motion to strike the Affidavit as untimely, which the undersigned granted. Respondents were permitted to file their motion to strike contemporaneously with their response to the fee request contained in the Affidavit on or before April 28, 2021, and Respondents did so.  Claimant was permitted to respond to the motion to strike on or before May 5, 2021, and did so.[1]   The undersigned has reviewed the submissions of the parties as outlined above, and addresses Claimant's request for an award of attorneys' fees and assesses the arbitration costs as follows.

Attorneys' Fees

3.     At the outset, it is noted that Claimant was permitted to file a petition for attorneys'' fee ". . . that contains case law citations to legal authority supporting Claimant's entitlement to an award of attorneys' fee in this matter . . ."   Claimant's affidavit does not provide any legal authority to establish its entitlement to an award of attorneys' fees, other than reference to various paragraphs of the Parties' Funding Agreement, including the provision for attorneys' fees contained in the Parties' arbitration agreement within the Funding Agreement.

4.     The Parties' arbitration agreement contained in paragraph 21(f) of the Funding Agreement provides that the "arbitrator shall have the authority to assess liability for . . . attorneys'

---

[1] Claimant filed an additional submission on April 27, 2021 titled "Claimant's Response to Interim Award."  The submission was not authorized and pursuant to the arbitrator's April 28, 2021 email, was stricken from the record.

fees . . . and all other expenses of arbitration as such arbitrator shall deem appropriate based on the outcome of the claims arbitrated." The language of the attorney fee provision contained in the Parties' arbitration clause leaves the issue of an award of attorneys' fees to the discretion of the arbitrator.

5.      The Uniform Arbitration Act as adopted in Arizona, authorizes an arbitrator to award ". . . reasonable attorney fees and other reasonable expenses of arbitration only if that award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding." *See* A.R.S. § 12-3021(B). Pursuant to A.R.S. § 12-341.01(A), the successful party in a contested action arising out of a contract may recover its reasonable attorney fees. In addition, the provision implicitly permits parties to agree contractually for an award of attorney fees. When a contract has an attorneys' fee provision, it controls to the exclusion of the statute. *Sweis v. Chatwin*, 120 Ariz. 249, 252 (App. 1978); *Lisa v. Strom*, 183 Ariz. 415, n.3 (App. 1995).

6.      In Arizona, a party seeking to recover attorneys' fees must satisfy two prerequisites: (1) there must be an attorney-client relationship between the litigant seeking the fee recovery and counsel; and (2) a "genuine financial obligation on the part of the litigant" to pay the fees. *Moedt v. Gen. Motors Corp.,* 204 Ariz. 100, 103, ¶ 11 (App. 2002).

7.      Claimant's Attorney Fee Affidavit (Affidavit") provides the following information about the relationship between the attorney representing Claimant in the arbitration and the Claimant. Paragraph 1 of the affidavit states that Mr. Abaie is "an attorney ***with*** Credit Fund LP ("Claimant")" (emphasis added). At paragraph 6, it states that Mr. Abaie is employed by Pravati Capital LLC, an entity distinct from Claimant. The Affidavit does not discuss in any detail the financial arrangements between Pravati Capital, and the Claimant, Pravati Credit Fund III LP. The

3

Affidavit does not disclose whether there is, or the extent of, any common ownership or control between Claimant and Pravati Capital.  Although Pravati Capital is not a law firm, the Affidavit describes Claimant as a "client" and states that "Pravati Capital's practice is to bill the client [Pravati Credit Fund III LP] for the value of the legal work performed *upon the conclusion of the case* such that one final invoice may be issued and paid[.]" *See* Affidavit, paragraph 6, (emphasis in the original).  The Affidavit does not state that there is an agreement or any enforceable obligation between Pravati Capital and Pravati Credit Fund III LP that requires that latter to remit payment for "the value of the legal work done." *See* Affidavit, paragraph 6 ("Pravati's method of calculating attorneys' fees is no different than what any law firm does – the fact that lawyers within the law firm are salaried is irrelevant to the issue of how much the firm charged the client.").

The Affidavit further explains that the Claimant is not charged for the funds actually paid to Mr. Abaie for his work, but is charged for what might be reasonable hourly rate if Mr. Abaie were an attorney in private practice or working for another law firm.  The amount sought to be awarded, was not actually charged by, or paid to the attorney that represented Claimant, rather it represents the "value" of the legal work. *See* Affidavit, paragraph 6.

8.      In Arizona, one who acts only for himself in legal matters is not considered to be engaged in the practice of law. *State ex rel. Frohmiller v. Hendrix*, 59 Ariz. 184, 190 (1942). *Munger Chadwick, P.L.C. v. Farwest Dev. & Constr.of the SW, LLC*, 235 Ariz. 125 ¶ 5 (App. 2014) ("[P]arties who represent themselves in a legal action are not entitled to recover attorney fees."). "Because an attorney has no right to recover compensation in the absence of an attorney-client relationship, the corollary must necessarily be true--a party who represents himself in litigation has no right to be compensated by the payment of attorneys' fees because of the absence of an attorney-client relationship." *Connor v. Cal-Az Properties, Inc.*, 137 Ariz. 53 (App. 1983).

4

Here, Mr. Abaie was acting in his capacity as an employee and agent of Pravati Capital LLC.  He was not acting in his individual capacity as an attorney with the right to bill and collect the fees for himself or his law firm.  Presumably, Pravati Capital is the parent or an affiliated entity of the Claimant in this arbitration, Pravati Credit Fund III LP, or has a relationship with Claimant pursuant to contract, although the Affidavit does not explain which relationship applies.   Pravati Capital is not a law firm.  There could not be an attorney-client relationship formed between Pravati Capital and Claimant.  I find that the arrangement of charging back the costs of the arbitration between the entities is not pursuant to an attorney client relationship, although it may be an accounting method for the operational expenses of the related entities to be handled at the parent entity level and then allocated to the affiliated/subsidiary entities proportionately, as is a common means of parent and multiple subsidiary entities to operate efficiently with professionals such as accountants, attorneys and marketing, for example, employed at the parent level but rendering services as needed to the affiliated entities.

9.      The affidavit implies that Mr. Abaie is paid a salary, and does not indicate that he will receive any other or additional amount, or any of the fees listed in the attachment to his affidavit.  Yet, Claimant seeks an attorneys fee award for the hours spent by Mr. Abaie at the rate of $365, despite there being no evidence that the attorney handling the matter may charge Claimant for those services and that Claimant would pay for representation on those terms.  The Affidavit argues that Claimant should be able to recover the "value" of the legal service rendered, despite that the actual amounts paid the attorney rendering the legal services was his salary, without citation to any legal authority for that proposition.  The foregoing position is inapposite with established Arizona law.  *See Lisa v. Storm*, 183 Ariz. 415 (App. 1995) (attorney-litigant was not entitled to recover attorney's fees for work performed by his firm's employees because he paid the

employees a salary regardless of what matters they worked on, and therefore, did not incur a specific obligation to pay fees for the work done on his behalf).   Additionally, the undersigned did not locate an Arizona case that presented the issue of whether in-house counsel could recover the value of his services in an award of attorneys' fees for the successful prosecution of litigation for the in-house attorneys' corporate employer.   In addition to the *Lisa* case, a recent unpublished court of appeals decision suggests in *dicta* that under Arizona law an attorneys' fee award would not be permitted based upon representation of a corporation that by its in-house counsel. *See Aubuchon v. Brock*, No. 1 CA-CV 13-0451 ¶ 60 (May 14, 2015).

10.     Based upon the foregoing, Claimant's request for an award of its attorneys' fees in successfully prosecuting its claims in arbitration is denied.   Accordingly, Respondents' Motion to Strike the Affidavit is moot.

Costs

11.     Respondents did not pay any fees to the AAA or advance funds to the AAA for arbitrator fees or expenses.   All sums paid or advanced to the AAA in connection with this proceeding have been remitted by Claimant.   Claimant has paid AAA administrative fees of $6250.00 and currently owes $190.00 in Zoom video fees.   Claimant deposited a total of $27,700.00 with the AAA to cover its half and the Respondents' half of the required deposit for arbitrator fees.   Including the Arbitrator's final invoice, the total arbitrator fees incurred are $20,710.00.

12.     Costs are assessed against Respondents jointly and severally, and Claimant is awarded: the administrative fees and expenses paid to the American Arbitration Association totaling $6440.00, and the compensation and expenses of the arbitrator totaling $ 20,710.00. Respondents shall remit the total sum of $27,150.00 to Claimant within ten (10) judicial days of

the date of this Final Award, after which time, any unpaid amount will accrue interest pursuant to A.R.S. § 44-1201.

13.    The balance of the deposit held by the AAA in this matter of $6800.00 shall be refunded to Claimant.

14.    This Award is in full resolution and disposition of all claims and requests for relief submitted in this Arbitration. All claims and/or requests not expressly granted herein are hereby denied.

I, Janet S. Weinstein, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is the final Award in the above captioned AAA arbitration.

_June 3, 2021_
Date

_Janet S. Weinstein_